1

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)

2

402 West Broadway, 29th Floor
San Diego, California 92101

3

Telephone: 619.756.6994
Facsimile: 619.756.6991

4

tcarpenter@carlsonlynch.com

5

Edwin J. Kilpela
Gary F. Lynch

6

1133 Penn Avenue
5th Floor

7

Pittsburgh, Pennsylvania 15222
Telephone: 412.322.9243

8

Facsimile: 412.231.0246
ekilpela@carlsonlynch.com

9

glynch@carlsonlynch.com

10

*Attorneys for Plaintiff and
Proposed Class Counsel*

11

12

13

## IN THE UNITED STATES DISTRICT COURT

14

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15

16

MATTHEW JOHN, on Behalf of Himself
and All Others Similarly Situated,

17

            Plaintiff,

18

vs.

19

AM RETAIL GROUP, INC., a Delaware
Corporation, dba WILSONS LEATHER,
and Does 1-100, inclusive,

20

21

            Defendants.

22

Case No.   **'17 CV 0727 JAH  BGS**

## CLASS ACTION COMPLAINT

1. **Violation of California's Unfair
   Competition Laws ("UCL");
   California Business and
   Professions Code Sections 17200,** *et
   seq*.
2. **Violation of California's False
   Advertising Laws ("FAL");
   California Business & Professions
   Code Sections 17500,** *et seq*.
3. **Violations of California Consumer
   Legal Remedies Act ("CLRA");
   Civ. Code Sections 1750,** *et. seq*.
4. **Unjust Enrichment**
5. **Violation of Consumer Protection
   Laws in States with Similar Laws
   to California**

**[DEMAND FOR JURY TRIAL]**

23

24

25

26

27

28

Plaintiff MATTHEW JOHN brings this action on behalf of himself and all others similarly situated against Defendant AM Retail Group, Inc., dba Wilsons Leather ("Defendant"), and states:

## I.    NATURE OF THE ACTION

1.    This is a class action regarding Defendant's false and misleading advertisement of deep discounts on its Wilson's Leather branded men's and women's outerwear and accessories sold in its retail outlet stores.  The discounts offered by defendant on its Wilson's Leather branded products are fake sales – the advertised discounts are not real.

2.    Wilson's Leather advertises all of its Wilson's Leather branded products[1] for sale by listing the merchandise with a "Ticket" price and its corresponding "Sale" price. See, e.g. Exhibit "A."  The "Ticket" price represents to consumers the merchandise's regular price and the "Sale" price represents to consumers a significant discount or savings from the regular, "Ticket" price.

3.    The Wilson's Leather merchandise is never offered for sale, nor sold at the "Ticket" price. The Ticket price is used exclusively as a benchmark from which the false discount and corresponding "Sale" price is derived. Wilson's Leather scheme has the effect of tricking consumers into believing they are getting a significant deal by purchasing merchandise at a steep discount, when in reality, consumers are paying for merchandise at its regular retail price.

4.    As recognized by the Ninth Circuit, this practice is prohibited in California:

"Most consumers have, at some point, purchased merchandise that was marketed as being "on sale" because the proffered discount seemed too good to pass up. Retailers, well aware of consumers' susceptibility to a bargain, therefore have an incentive to lie to their customers by falsely claiming that their products have previously sold at a far higher "original" price in order to induce customers to purchase merchandise at a purportedly marked-down "sale" price. Because such practices are misleading — and effective — the

---

[1] Wilson's Leather brand products include all products manufactured by Wilson's Leather and/or sold exclusively in Wilson's Leather stores, including: Wilson's Leather, Andrew Marc and Black Rivet.

California legislature has prohibited them".
*See Hinojos v. Kohl's Corp.* 718, F.3d 1098 (2013)

5.      During the Class Period, Defendant continually mislead consumers by advertising its Wilson's Leather branded, men's and women's accessories, outerwear, and other items at discounted, "Sale" prices. However, the "Sale" prices were actually the regular prices of the Wilson's Leather products.

6.      The advertised discounts overstated and did not represent a *bona fide* price at which Defendant formerly sold the merchandise and were nothing more than mere phantom markdowns because the represented "Ticket" prices were artificially inflated and were never the original prices for merchandise sold at Defendant's outlet stores.  In addition, the represented "Ticket" prices were not the prevailing market retail prices within three months next immediately preceding the publication of the advertised former prices, as required by California law.

7.      Defendant conveys its deceptive pricing scheme to consumers through the use of in-store displays and print advertisements.  For example, in Defendant's outlet stores, the pricing scheme is prominently displayed, in black and white, 8" to 12" signs; advertising deep discounts on various items throughout the store by representing both the "Ticket" price and the corresponding "Sale" price on the same placard, side by side for the consumer to make the comparison.

8.      The "Ticket" price never existed and/or did not constitute the prevailing market retail prices for such products within the three months next immediately preceding the publication of the sales tag.  The difference between the "Sale" and "Ticket" price is a false savings percentage used to lure consumers into purchasing products they believe are significantly discounted.

9.      Through its false and misleading marketing, advertising, and pricing scheme, Defendant violated and continues to violate California, federal, and other state law prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.

CLASS ACTION COMPLAINT

Specifically, Defendant violated and continues to violate California Business and Professions Code §§ 17200, *et seq.* (the "UCL"), California Business and Professions Code §§ 17500, *et seq.* (the "FAL"), the California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA"), and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)).

10.     Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased one or more Wilson's Leather branded items at Defendant's outlet stores that were deceptively represented as discounted from false former, "Ticket" prices in order to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception it has created in the minds of consumers, and to obtain redress for those who have purchased merchandise tainted by this scheme.  Plaintiff seeks to permanently enjoin Defendant from using false and misleading claims regarding retail price comparisons in their packaging, labeling, and advertising.  Further, Plaintiff seeks to obtain damages, restitution, and other appropriate relief in the amount by which Defendant was unjustly enriched as a result of their sales of merchandise offered at a false discount.

11.     Finally, Plaintiff seeks reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, as this lawsuit seeks the enforcement of an important right affecting the public interest and satisfies the statutory requirements for an award of attorneys' fees.

## II.     JURISDICTION AND VENUE

12.     This Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Classes have a different citizenship from Defendant.

13.     The Southern District of California has personal jurisdiction over Defendant because Defendant is a corporation authorized to conduct and which does conduct

business in the State of California.  Defendant is registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself to the California market through the ownership and operation of 20 outlet stores within the State of California.

14.    Venue is proper under 18 U.S.C. § 1965(a) because Defendant transacts substantial business in this District.  A substantial part of the events giving rise to Plaintiff's claims arose here.

## III.    PARTIES

### A.    <u>Plaintiff</u>

15.    Plaintiff MATTHEW JOHN resides in San Diego County, California.

### B.    Plaintiff's Statement of Facts:

16.    Plaintiff, in reliance on Defendant's false and deceptive advertising, marketing, and "Sale" pricing schemes, purchased a Wilsons's Leather branded wallet at for $25.91 on April 21, 2016 at a Wilson's Leather outlet store located at 5620 Paseo del Norte, Suite 117, Carlsbad, California 92008. Mr. John entered Defendant's store and immediately noticed that all of the merchandise, jackets, purses, and wallets in the store were on sale. He observed the approximately 8" sale signs that hung above each rack of merchandise advertised both a "Ticket" price and "Sale" price. Mr. John reasonably concluded that the "Sale" price was a discount that was being offered from the regular "Ticket" price of the items offered for sale. Mr. John sought out the leather wallets. Mr. John observed the Wilson's Leather branded wallets situated on a chest-high kiosk in the middle of the store.  Mr. John observed the price sign that advertised the Wilson's Leather branded wallets as follows:

| Ticket | Sale |
|---|---|
| 50.00…………………………………… | 19.99 |
| 60.00…………………………………… | 23.99 |

*See,* e.g. exhibit B-10, Wilson's Leather brand wallets. Mr. John examined the wallets and chose a Wilson's Leather branded, all black leather, trifold wallet. The

"Ticket" price of the item was listed at $60.00. The "Sale" price of the item was listed at $23.99. Mr. John believed that he was getting a good deal on the leather wallet and he selected to purchase it based upon Defendant's representation that the wallet was significantly discounted from $60.00 down to $23.99. Mr. John took the wallet to the register, and paid $25.91 for it.

17.    The "Sale" price of $23.99 was discounted and represented to Plaintiff at a significant savings (approximately 60%) according to the price tag and related signage. However, this product was never offered for sale at approximately $60.00 at Defendant's outlet store, nor was it offered at that price at *any store* in California within the 90-day time period immediately preceding Plaintiff's purchase.  Therefore, Plaintiff was damaged by his purchase of the product. Plaintiff would not have purchased the wallet without the misrepresentation made by Defendant.  As a result, Plaintiff has been personally victimized by and suffered economic injury as a direct result of Defendant's unlawful, unfair, and fraudulent conduct.

18.    The wallet Plaintiff purchased is a Wilson's Leather brand, black, all leather, trifold wallet with "WILSONS'S LEATHER" stamped into the leather on the outside middle panel at the bottom.

**Defendant**

19.    Plaintiff alleges upon information and belief that Defendant AM Retail Group, Inc. is a Delaware corporation, doing business as Wilsons Leather, with its principal executive offices in Brooklyn Park, Minnesota.  It is a subsidiary of the publicly traded Delaware corporation, G-III Apparel Group, Ltd. (NASDAQ: GIII).  Defendant advertises, markets, distributes, and/or sells men and women's accessories, outerwear, and other items to hundreds of thousands of consumers in California and throughout the United States.

20.    Plaintiff does not know the true names and capacities of the persons or entities sued herein as DOES 1-100, inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and

belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## IV. FACTUAL BACKGROUND

### A. The Fraudulent Sale Discounting Scheme

21. Wilson's Leather is a leather retailer, selling products such as leather jackets, belts, shoes, wallets, handbags and gloves. Wilson's Leather operates over 175+ stores in the United States, including 19 in California. Wilson's Leather sells a variety of leather products from various manufacturers as well as its own, Wilson's Leather brand of leather products. This case involves only the Wilson's Leather branded products sold by Defendant.

22. The Wilson's Leather brand of leather products are sold exclusively in its retail outlet stores. There is no other market for the Wilson's Leather branded products other than at Defendant's retail outlet stores.

23. Wilson's Leather engages in a scheme to defraud its customers by perpetually discounting its Wilson's Leather merchandise in its retail outlet stores. The scheme is effectuated as follows: Every single piece of Wilson's Leather brand merchandise sold in Wilson's Leather retail outlet stores is advertised with two prices; the "Ticket" price and the corresponding "Sale" price. The "Ticket" Price conveys to the consumer the purported regular price of the item. The "Sale" price conveys to the customer a deeply discounted price at which the item presently being offered for sale. The two prices ("Ticket" and "Sale") are conveyed to consumers on eight to twelve inch, black and white, rectangular signs, which are placed on every rack of products in every Wilson's Leather retail outlet store. *See* Exhibit, "B".

24. However, at no time are the Wilson's Leather branded products ever offered for sale at the "Ticket" price. The "Ticket" price is merely a false reference price from

which Defendant utilizes to reference a deeply discounted "Sale" price on every piece of Wilson's Leather branded merchandise sold in its stores during the class period.

25.    This practice is not accidental; it is a fraudulent scheme intended to deceive consumers into: 1) making purchases they otherwise would not have made; or 2) into paying substantially more for merchandise consumers believed was heavily discounted; and thereby believed was worth more than its actual value.

26.    Retailers, including Defendant understand that consumers are susceptible to a good bargain and therefore Defendant has substantial interest in lying in order to generate sales. A product's "regular" price or "original" price matters to consumers. In this case, Defendant has marked its merchandise with a "Ticket" price; intended to be the equivalent of a "regular" or "original" price. The regular price and/or the original price conveys to consumers, including Mr. John, the product's worth and the prestige that ownership of the product conveys. *See* Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative or Deceptive?, 11 J. of Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("By creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product."); id. at 56 ("[E]mpirical studies indicate that as discount size increases, consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases.").

27.    Defendant's pricing advertisements uniformly include both the false regular price ("Ticket"), and right next to, or above it the purported "Sale" price. This uniform scheme is intended to and does provide misinformation to the customer. This misinformation communicates to consumers, including Mr. John, that the Wilson's Leather branded products have a greater value than the advertised "Sale" Price.  As the Ninth Circuit recognizes, "[m]isinformation about a product's "normal" price is…significant to many consumers in the same way as a false product label would be." *See Hinojos v. Kohl's Inc*. 718 F.3d at 1106.

### B.    Plaintiff's Investigation

28.    Plaintiff's counsel has investigated dozens of retailers to determine whether they are engaged in fraudulent sale discounting.  Plaintiff's investigation of Wilson's Leather included the 90 day time period immediately preceding Plaintiff's purchase. To be clear, Plaintiff's counsel was investigating Wilson's Leather retail sale discounting practices long before Plaintiff made a purchase at Wilson's Leather and long before Plaintiff contacted Plaintiff's counsel seeking representation.

29.    Plaintiff's investigation cataloged the pricing practices of Wilson's Leather outlet stores in San Diego County, including at the Carlsbad Premium Outlets at 5620 Paseo Del Norte, Suite 117, Carlsbad, CA 92008; the Las Americas Premium Outlets 4265 Camino De La Plaza, Space 210, San Diego, CA 92173 and at the Viejas Outlet Center at 5005 Willows Road Suite H109, Alpine, CA 91901. The false "Ticket" price and corresponding purported "Sale" price pricing scheme was both uniform and identical at all stores investigated. For example, in the ninety days prior to Plaintiff's purchase, the following items were continuously discounted at the stores indicated:

| Item: | Ticket Price: | Sale Price: | Continuously Discounted from (at least): | Through April 21, 2016 | Stores Observed: | Exhibit: |
|---|---|---|---|---|---|---|
| **Red Women's zip-up collar-less** | $180.00 | $39.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | A |
| **Black leather zip up jacket collar-less** | $250.00 | $59.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro; Alpine | B-1 |
| **Black Leather Collar** | $600.00 | $149.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | B-2 |
| **Beige/Grey Suede Collar less Zip up** | $650.00 | $179.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | B-3 |
| **Black Collar** | $650.00 | $159.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro; | B-3 |

CLASS ACTION COMPLAINT

| | | | | | Alpine | |
|---|---|---|---|---|---|---|
| **Leather Zip up (Mens)** | | | | | Alpine | |
| **Women's Studded Collared zip up leather** | $700.00 | $229.00 | January 8, 2016 | Yes | Carlsbad; San Ysidro | B-4 |
| **Shoulder Patterned Leather Collared zip up (Mens)** | $180.00 | $59.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | B-5 |
| **Women's Brown Suede Collar-less** | $250.00 | $69.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | B-6 |
| **Women's Grey Collar-less Zip up** | $550.00 | $149.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | B-7 |
| **Black Leather zip up collar with hoodie** | $250.00 | $49.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | B-8 |
| **Pink Women's Peacoat** | $300.00 | $79.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | Bottom of B-8 |
| **Men's Brown zip up leather collarless** | $300.00 | $79.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro | B-9 |
| **Wilson's Leather Wallets** | $40.00; $50.00; $60.00' $70.00 | $15.99; $19.99; $23.99; $27.99 | January 8, 2016 | Yes | Carlsbad; San Ysidro; Alpine | B-10 |

30.    The fraudulent pricing scheme applies to all Wilson's Leather branded products sold in every Wilson's Leather retail outlet store, and included the Wilson's Leather Wallet purchased by Mr. John on April 21, 2016. By way of example, all items in the above referenced chart were offered at a "Sale" price substantially less than their "Ticket" price for at least the 90 days preceding Plaintiff's purchase.

CLASS ACTION COMPLAINT

31.     Plaintiff's counsel initially investigated Wilson's Leather in the summer of 2015. On every occasion that Plaintiff's counsel catalogued Defendant's pricing; the Wilson's Leather branded wallets were discounted; meaning: they were offered at the "Sale" price, not the listed "Ticket" price. In fact, as of the date of this filing the Wilson's Leather branded wallets remain on "Sale". *See* Exhibit "C" – Wilson's Leather brand wallets.

32.     The "Ticket" prices listed and advertised on Defendant's products are fake reference prices; utilized only to perpetuated Defendant's fake-discount scheme.

33.     Defendant knows that its comparative price advertising is false, deceptive, mislead, and unlawful under California, federal, and other state law.

34.     Defendant fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Classes the truth about its advertised price and former prices.

35.     At all relevant times, Defendant has been under a duty to Plaintiff and the Classes to disclose the truth about its false discounts.

36.     Plaintiff relied upon Defendant's artificially inflated "Ticket" prices and false discounts when purchasing the Wilson's Leather branded wallet from Defendant. Plaintiff would not have made such purchase but for Defendant's representations of fabricated "Ticket" prices and false discounts. Plaintiff may in the future shop at Defendant's retail outlet store.

37.     Plaintiff and the Classes reasonably and justifiably acted and relied on the substantial price differences that Defendant advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was. Plaintiff, like other Class members, was lured in, relied on, and was damaged by these pricing schemes that Defendant carried out.

38.     Defendant intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the Classes to purchase merchandise in its outlet stores.

CLASS ACTION COMPLAINT

39.     In approximately May of 2016, Defendant changed its practice and stopped utilizing the description, "Ticket" price to describe the reference price on the in-store signage for all merchandise items. In its place, Defendant started describing the reference price as the "Comparable Value" price.  The "Comparable Value" description of the reference price is equally misleading because the Wilson's Leather branded items are not sold at any other stores, except Wilson's Leather. In short, it is a false comparison.

## V.    CLASS ALLEGATIONS

40.     Plaintiff brings this action this action individually and as a Class action pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of:

> All persons (the "Nationwide Class") who purchased one or more Wilson's Leather brand items from one of Defendant's retail stores which were offered at a purported discount from a "Ticket" price any time between the date of the applicable statute of limitations began to run through the date of certification.

41.     Plaintiff also brings this action individually and as a Class action pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of:

> All persons located within the state of California (the "California Class") who purchased one or more Wilson's Leather brand items from one of Defendant's retail stores which were offered at a purported discount from a "Ticket" price any time between the date of the applicable statute of limitations began to run through the date of certification.

42.      Plaintiff also brings this action on behalf of all persons located within states with similar consumer protection laws (the "multi-state class").

43.     Excluded from the Classes is Defendant, as well as its officers, employees, agents, or affiliates, and any judge who presides over this action, as well as all past and present employees, officers, and directors of Wilsons Leather.

44.     Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances

and/or new facts obtained during discovery.

45.    This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, typicality, adequacy, predominance, and superiority requirements of those provisions.

46.    ***Numerosity***: The Class members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Classes contain hundreds of thousands of individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

47.    ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominant over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

    a.  whether, during the Class Period, Defendant used false "regular," "original," "Ticket" or "market" price labels and falsely advertised price discounts on merchandise it sold in outlet stores;

    b.  whether, during the Class Period, the "regular," "original," "Ticket" or "market" prices advertised by Defendant were the prevailing market prices for the respective merchandise during the three-month period preceding the dissemination and/or publication of the advertised former prices;

    c.  whether Defendant's alleged conduct constitutes violations of the laws asserted;

    d.  whether Defendant engaged in unfair and/or unlawful business practices under the laws asserted;

    e.  whether Defendant engaged in false or misleading advertising;

    f.  whether Plaintiff and the Classes are entitled to damages and/or restitution and the proper measure of that loss; and

    g.  whether an injunction is necessary to prevent Defendant from continuing to use false, misleading, or illegal price comparison.

CLASS ACTION COMPLAINT

48.   ***Typicality***:  Plaintiff's claims are typical of the claims of the members of the Classes because, *inter alia,* all Class members have been deceived (or were likely to be deceived) by Defendant's false and deceptive price advertising scheme, as alleged herein. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Classes.

49.   ***Adequacy***:  Plaintiff will fairly and adequately protect the interests of the members of the Classes.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interest to those of the Classes.

50.   ***Superiority***:  The nature of this action and the nature of laws available to Plaintiff and the Classes make the use of the class action format a particularly efficient and appropriate procedure to afford relief to him and the Classes for the wrongs alleged. The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant.  Thus, it would be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant will be permitted to retain the proceeds of its unfair and unlawful misdeeds.

51.   All Class members, including Plaintiff, were exposed to one or more of Defendant's misrepresentations or omissions of material fact claiming that former "Ticket," prices represented former market prices and those "Ticket" prices advertised prices were in existence.  Due to the scope and extent of Defendant's consistent false "discount" price advertising scheme that has been disseminated in a continuous campaign to consumers via a number of different platforms—in-store displays, media advertisements, print advertisements, etc.—it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of

CLASS ACTION COMPLAINT

the Classes.  In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in Defendant's false advertising scheme when purchasing merchandise from Defendant.

52.     Defendant keeps extensive computerized records of its customers through, *inter alia*, customer loyalty programs and general marketing programs.  Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Violation of Unfair Competition Law
### Business and Professions Code § 17200, *et seq.*
### on Behalf of the California Class

53.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

54.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code § 17200.

55.     The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful or unfair business practices – only that such practices occurred.

56.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

57.    Defendant's actions constitute "unfair" business acts of practices because, as alleged above, Defendant engaged in misleading and deceptive price comparison advertising that represented false "Ticket" prices and discount "Sale" prices that were nothing more than fabricated "regular" prices leading to phantom markdowns. Defendant's acts and practices offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

58.    The harm to Plaintiff and California Class members outweighs the utility of Defendant's practices.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

59.    A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

60.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

61.    Defendant's acts and practices alleged above have deceived Plaintiff and are highly likely to deceive members of the consuming public.  Plaintiff relied on Defendant's fraudulent and deceptive representations regarding its "market" prices and the corresponding discounts for Defendant's merchandise, which Defendant sells at its outlet stores.  These misrepresentations played a substantial role in Plaintiff's decision and that of the proposed California Class to purchase the products at steep discounts, and Plaintiff would not have purchased the Wilson's Leather brand wallet without Defendant's misrepresentations.

62.    The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements.  (15 U.S.C. § 52(a)).  Under the FTCA, false former pricing schemes similar to the ones implemented by Defendant are described as deceptive practices that would violate the FTCA:

(a)    One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

(b)    A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly, and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1.

63.    California law also expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "*Worth or value; statements as to former price,*" states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

***No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement*** or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement.

[Emphasis added.]

64.    As detailed in Plaintiff's Third Cause of Action below, Cal. Civil Code § 1770(a)(9) prohibits a business from "[a]dvertising goods or services with intent not to

sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

65.     Defendant's practices, as set forth above, have violated the FTCA and California law.  Consequently, Defendant's practices constitute an unlawful and unfair practice within the meaning of the UCL.

66.     Defendant's violation of the UCL through its unlawful, unfair, and fraudulent business practices are ongoing and present a continuing threat that members of the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "Ticket" prices to discounted "Sale" prices that created phantom markdowns and led to financial damage for consumers like Plaintiff and the California Class.

67.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the California Class of all Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
**Violation of the California False Advertising Law,**
**Business and Professions Code § 17500,** *et seq.*
**on Behalf of the California Class**

68.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

69.     Cal. Bus. & Prof. Code § 17500 provides that:

[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is ***untrue*** or ***misleading***, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . .

[Emphasis added.]

70.     The "intent" required by Cal. Bus. & Prof. Code § 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

71.     Similarly, Cal. Bus. & Prof. Code § 17501 provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement."

72.     Defendant's routine of advertising and publishing "Ticket" prices on all of its merchandise, which were never the true prevailing prices, was an unfair, untrue, and misleading practice.  This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were.  Therefore, leading to the false impression that the merchandise was worth more than it actually was.

73.     Defendant misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code, as alleged above.

74.     As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and California Class members have suffered injury in fact and have lost money.  As such, Plaintiff requests that this Court order Defendant to restore this money to Plaintiff and all California Class members, and to enjoin Defendant from continuing these unfair practices in violation of the FAL in the future.  Otherwise, Plaintiff, California Class members, and the broader general public will be irreparably harmed and/or denied an effective and complete remedy.

### THIRD CAUSE OF ACTION
**Violation of the Consumer Legal Remedies Act ("CLRA"),**
**California Civil Code § 1750, *et seq.***
**on Behalf of the California Class**

75.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

76.    This cause of action is brought pursuant to the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq*. Plaintiff and each member of the proposed class are "consumers" as defined by California Civil Code § 1761(d). Defendant's sale of merchandise to Plaintiff and the California Class were "transactions" within the meaning of California Civil Code § 1761(e).  The products purchased by Plaintiff and the California Class are "goods" within the meaning of California Civil Code § 1761(a).

77.    Defendant violated, and continues to violate, the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the California Class which were intended to result in, and did result in, the sale of merchandise:

   a.   representing that its merchandise has characteristics, uses, and/or benefits, which it does not;

   b.   advertising goods or services with intent not to sell them as advertised;

   c.   making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

78.    Pursuant to §1782(a) of the CLRA, on April 11, 2017, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act.  If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by § 1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendant.  As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment on Behalf of the Classes,
### or in the Alternative, on Behalf of the California Class

79.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

80.    Plaintiff brings this claim individually, as well as on behalf of members of the Classes, under California law.  Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched.  At the core of each state's law are two fundamental elements –the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state.  Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which Class members will be drawn, California law applies to the claims of the Classes.

81.    In the alternative, Plaintiff brings this claim individually as well as on behalf of the California Class.

82.    At all times relevant hereto, Defendant deceptively priced, marketed, advertised, and sold merchandise to Plaintiff and the Classes.

83.    Plaintiff and members of the Classes conferred upon Defendant non-gratuitous payments for merchandise that they would not have if not for Defendant's deceptive pricing, advertising, and marketing.  Defendant accepted or retained the non-gratuitous benefits conferred by Plaintiff and members of the Classes, with full knowledge and awareness that, as a result of Defendant's deception, Plaintiff and members of the Classes were not receiving a product of the quality, nature, fitness, or value that had been represented by Defendant and reasonable consumers would have expected.

84.    Defendant has been unjustly enriched in retaining the revenues derived from purchases of merchandise by Plaintiff and members of the Classes, which retention under these circumstances is unjust and inequitable because Defendant misrepresented, among

other things, that its merchandise was being offered at a significant discount, which caused injuries to Plaintiff and members of the Classes because they paid for, and/or paid a price premium due to the misleading pricing and advertising.

85.    Retaining the non-gratuitous benefits conferred upon Defendant by Plaintiff and members of the Classes under these circumstances made Defendant's retention of the non-gratuitous benefits unjust and inequitable.  Thus, Defendant must pay restitution to Plaintiff and members of the Classes for unjust enrichment, as ordered by the Court.

**FIFTH CAUSE OF ACTION**
**Violations of the Consumer Protection Laws on Behalf**
**of Classes in the States with Similar Laws**

86.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

87.    Plaintiff brings this Count individually under the laws of California and on behalf of all other persons who have purchased merchandise in states having similar laws regarding consumer fraud and deceptive trade practices.

88.    Plaintiff and the other members of the Classes are consumers, purchasers, or other persons entitled to the protection of the consumer protection laws of the state in which they purchased merchandise from Defendant.

89.    The consumer protection laws of the states in which Plaintiff and the other members of the Classes purchased Defendant's merchandise declare that unfair or deceptive acts or practices, in the conduct of trade or commerce, are unlawful.

90.    Forty-one states and the District of Columbia have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent, and unconscionable trade, business practices, and false advertising that allow consumers to bring private and/or class actions.  These statutes are found at:

a.    Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et seq.*;

b.    Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et seq.*;

CLASS ACTION COMPLAINT

c.  California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*;

d.  Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*;

e.  Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.*;

f.  Delaware Deceptive Trade Practices Act, Del. Code tit. 6 § 2511, *et seq.*;

g.  Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.*;

h.  Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390, *et seq.*;

i.  Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480-1, *et seq.*, and Hawaii Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, *et seq.*;

j.  Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1, *et seq.*;

k.  Kansas Consumer Protection Act, Kan. Stat. Ann § 50 626, *et seq.*;

l.  Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann. § 365.020, *et seq.*;

m.  Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. § 51:1401, *et seq.*;

n.  Maine Unfair Trade Practices Act, Me. Rev. Stat. tit. 5 § 205A, *et seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. Tit. 10, § 1211, *et seq.*;

o.  Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;

p.    Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq.*;

q.    Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann. § 325F.68 *et seq.*, and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.*;

r.    Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1, *et seq.*;

s.    Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*;

t.    Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.*;

u.    Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.*;

v.    Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. § 598.0903, *et seq.*;

w.    New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et seq.*;

x.    New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8 1, *et seq.*;

y.    New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57 12 1, *et seq.*;

z.    New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349, *et seq.*;

aa.    Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.02 and 1345.03; Ohio Admin. Code § 109:4-3-02, 109:4-3-03, and 109:4-3-10;

bb.    Oklahoma Consumer Protection Act, Okla. Stat. tit. 15 § 751, *et seq.*;

cc.    Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);

dd.    Pennsylvania Unfair Trade Practices & Consumer Protection Law, 73

CLASS ACTION COMPLAINT

P.S. §§ 201-1, *et seq.*;

ee.    Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

ff.    South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.*;

gg.    South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et seq.*;

hh.    Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*;

ii.    Washington Consumer Fraud Act, Wash. Rev. Code § 19.86.010, *et seq.*;

jj.    West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et seq.*; and

kk.    Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18, *et seq.*

91.    Defendant's merchandise constitutes products to which these consumer protection laws apply.

92.    In the conduct of trade or commerce regarding the pricing, advertising, marketing, and sale of its merchandise, Defendant engaged in one or more unfair or deceptive acts or practices, including but not limited to, uniformly representing to Plaintiff and each member of the Classes by means of the pricing and advertising of its merchandise that it was, among other things, being offered at a discount, as described herein.

93.    Defendant's representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

94.    Defendant knew, or should have known, that its representations and omissions were false, untrue misleading, deceptive, and/or likely to deceive.

95.    Defendant used or employed such deceptive and unlawful acts or practices with the intent that Plaintiff and members of the Classes rely thereon.

96.    Plaintiff and the other members of the Classes did so rely.

97.    Plaintiff and the other members of the Classes purchased merchandise sold by Defendant which misrepresented the magnitude of the price discounts offered for the merchandise.

98.    Plaintiff and the other members of the Classes would not have purchased such merchandise but for Defendant's deceptive and unlawful acts.

99.    As a result of Defendant's conduct, Plaintiff and the other members of the Classes sustained damages in amounts to be proven at trial.

100.    Defendant's conduct showed complete indifference to, or conscious disregard for, the rights of others such that an award of punitive and/or statutory damages is appropriate under the consumer protection laws of those states that permit such damages to be sought and recovered.

## VI.    PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and on behalf of the other members of the Classes, requests that this Court award relief against Defendant as follows:

A.    An order certifying the Classes and designating Plaintiff as the Class Representative and his counsel as Class Counsel;

B.    Awarding Plaintiff and the proposed Class members' damages;

C.    Awarding restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices described herein;

D.    Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its misconduct and pay them all money they are required to pay;

E.    Order Defendant to engage in a corrective advertising campaign;

CLASS ACTION COMPLAINT

F.   Awarding attorneys' fees and costs; and

G.   For such other and further relief as the Court may deem necessary or appropriate.

## VII.   DEMAND FOR JURY TRIAL

101.   Plaintiff hereby demands a jury trial for all of the claims so triable.

Dated: April 7, 2017

**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**

_/s/ Todd D. Carpenter_____
Todd D. Carpenter (CA 234464)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 347-3517
Facsimile: (619) 756-6990
tcarpenter@carlsonlynch.com

Edwin J. Kilpela
Gary F. Lynch
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
ekilpela@carlsonlynch.com
glynch@carlsonlynch.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT

1  **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
2  Todd D. Carpenter (CA 234464)
   402 West Broadway, 29th Floor
3  San Diego, California 92101
4  Telephone: 619.756.6994
   Facsimile: 619.756.6991
5  tcarpenter@carlsonlynch.com

6
   Edwin J. Kilpela
7  Gary F. Lynch
8  1133 Penn Avenue
   5th Floor
9  Pittsburgh, Pennsylvania 15222
10 Telephone: 412.322.9243
   Facsimile: 412.231.0246
11 ekilpela@carlsonlynch.com
12 glynch@carlsonlynch.com

13 *Attorneys for Plaintiff and*
14 *Proposed Class Counsel*

15

16            **IN THE UNITED STATES DISTRICT COURT**

17           **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

18

19 MATTHEW JOHN, on Behalf of Himself    Case No. **'17 CV0727 JAH BGS**
20 and All Others Similarly Situated,

21        Plaintiff,                       **DECLARATION OF TODD**
                                           **CARPENTER RE: JURISDICTION**
22 vs.

23
   AM RETAIL GROUP, INC., a Delaware
24 Corporation, dba WILSONS LEATHER,
   and Does 1-100, inclusive,
25
26        Defendants.

27
28        I, Todd D. Carpenter, declare as follows:

1.   I am an attorney duly licensed to practice before all of the courts of the State of California. I am a partner and part-owner of Carlson Lynch Sweet Kilpela & Carpenter, LLP, and the counsel of record for Plaintiff in the above-entitled action.

2.   AM Retail Group, Inc., doing business as Wilson's Leather, has done and are doing business in the Southern District of California. Such business includes the marketing, distributing, and sale of clothing, accessories, and fashion apparel.

3.   Furthermore, Plaintiff Matthew John purchased a wallet from Defendant in the Southern District of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this Tuesday, April 11, 2017 in San Diego, California.


Dated: April 11, 2017                    **CARLSON LYNCH SWEET**
                                         **KILPELA & CARPENTER, LLP**

                                         */s/ Todd D. Carpenter*

                                         Todd D. Carpenter (CA 234464)
                                         402 West Broadway, 29th Floor
                                         San Diego, California 92101
                                         Telephone: (619) 347-3517
                                         Facsimile: (619) 756-6990
                                         tcarpenter@carlsonlynch.com

                                         Attorney for Plaintiff

2

# Exhibit A

Exhibit A
Page 1 of 3





Exhibit A
Page 3 of 3

# Exhibit B

# B-1



# B-2



# B-3



Exhibit B
Page 7 of 21

# B-4



# B-5



# B-6



# B-7



# B-8



# B-9



# B-10



# Exhibit C

Exhibit C
Page 1 of 2



Exhibit C
Page 2 of 2